UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF TRADER'S HILL BOAT HOLDINGS, LLC, AS OPERATOR AND OWNER *PRO HAC VICE*, OF THE M/V TRADER'S HILL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACT NO.: <br><br> JUDGE <br><br> MAGISTRATE JUDGE |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

COME NOW the limitation Plaintiff, Trader's Hill Boat Holdings, LLC, as operator, owner and/or owner *pro hac vice* of the M/V TRADER'S HILL ("Petitioner"), and in support of its Complaint seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et. seq.*, avers as follows:

1.

This action is brought pursuant to 46 U.S.C. § 30501, *et seq.*, commonly called the Limitation of Liability Act.

2.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE. This matter is governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, FEDERAL RULES OF CIVIL PROCEDURE.

3.

Jurisdiction exists in this action pursuant to admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

4.

At all material times, Petitioner was the operator, owner and/or owner *pro hac vice* of the M/V TRADER'S HILL and is organized and existing pursuant to the laws of the State of Florida with its principal place of business in Dothan, Alabama.

5.

Prior to the incident that is the subject of this proceeding, and at all material times, Petitioner exercised due diligence to place and maintain the M/V TRADER'S HILL in a seaworthy condition in all respects, and the M/V TRADER'S HILL was in fact tight, staunch, strong, fully and properly equipped, and seaworthy in all respects, fit and proper for the service in which it was engaged at the time of the occurrence hereinafter described.

6.

On October 22, 2018, the M/V TRADER'S HILL was moored at a marina owned by The Wharf Entertainment Properties, LLC and located in Orange Beach, Alabama.

7.

On October 22, 2018 decedent Zack McDonald was on the pier adjacent to the M/V TRADER'S HILL and decided to jump into the surrounding waters. Zack McDonald drowned shortly after entering the water. Plaintiffs have asserted claims alleging that Petitioner and other parties are somehow responsible for Zack McDonald's death. Plaintiffs are seeking monetary damages.

8.

Immediately following the incident, the value of Petitioner's interest in the M/V TRADER'S HILL was $1,900,000. The value of the freight pending within the meaning of the applicable statutes was zero. Attached hereto as Exhibit 1 is the Affidavit of Insured Value of

David Marshall reflecting the value of said vessel at the time immediately following the incident. Attached as Exhibit 2 is the Affidavit of Pending Freight executed by David Marshall reflecting that there was no pending freight at the time of the incident.

9.

As a result of the foregoing incident, Elaine and Kermit McDonald have filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana in the matter entitled "Elaine McDonald and Kermit McDonald, Jr., individually and on behalf of their deceased son Zack McDonald vs. The Wharf Entertainment Properties, LLC, Great American Insurance Company, New Hampshire Insurance Company, Traders Hill Jupiter, LLC, Trader's Hill Properties, Trader's Hill, LLC and Robert Dobson, III" bearing civil action number C-685341, on the docket of said Court. Petitioner is a party to the East Baton Rouge Parish lawsuit.

10.

In addition to the foregoing claim, other additional claims may be asserted against Petitioner and/or the M/V TRADER'S HILL by other parties for damages, personal injuries, contribution, indemnity or any other losses as a result of the above described incident. Petitioner avers that the amount of the damages and/or claims described herein, and all other possible claims, may exceed the amount or value of Petitioner's interest in the M/V TRADER'S HILL and its pending freight.

11.

The above described incident, and all losses and damages resulting from it, were not caused by negligence on the part of Petitioner, or on the part of the M/V TRADER'S HILL, nor any persons for whom Petitioner was and/or is responsible, nor were there any unseaworthy

conditions aboard the M/V TRADER'S HILL that caused or contributed to the incident. Accordingly, Petitioner and the M/V TRADER'S HILL are entitled to be exonerated from all liability for the incident.

12.

Additionally and/or alternatively, the incident, and all losses and damages occurring as a result of the incident, occurred without any privity or knowledge of any officer, director or managing agent of Petitioner, and for this reason Petitioner and the M/V TRADER'S HILL are entitled to limit their liability to the post-accident value of the M/V TRADER'S HILL pursuant to 46 U.S.C. § 30501, *et seq.*

13.

Subject to a formal appraisal of Petitioner's interest the M/V TRADER'S HILL, Petitioner will offer an *ad interim* stipulation and a letter of undertaking for the value of the M/V TRADER'S HILL in the sum of $1,900,000, said sum being equal to the aggregate value of Petitioner's interests of the M/V TRADER'S HILL.

14.

This Complaint is filed within six (6) months after Petitioner's receipt of first written notice of a claim.

15.

Petitioner avers that there are no unsatisfied liens or claims of liens arising on the above-referenced voyage so far as is known.

WHEREFORE, Trader's Hill Boat Holdings, LLC prays:

1. That this Court enter an Order approving an *ad interim* stipulation to be filed by Petitioner for the value of its interest in the M/V TRADER'S HILL in the amount of $1,900,000;

2. That this Court accept the *ad interim* stipulation and approve the Letter of Undertaking to be filed as security for the value of the M/V TRADER'S HILL and the court costs in the total amount of $1,900,000 plus interest at the rate of six percent (6%) per annum from the date of this Complaint;

3. That this Court issue an order enjoining or restraining the commencement or prosecution of any and all actions, suits or legal proceedings of whatsoever kind, nature of character by any claimant against Trader's Hill Boat Holdings, LLC, its respective officers, agents, servants, employees or affiliated companies, or against the M/V TRADER'S HILL itself, arising out of or attributable to the incident;

4. That this Court admonish each and every claimant to appear and file his or her claim with the Clerk of this Court on or before a date to be fixed by this Court, or be forever barred and permanently enjoined from making and filing such claims;

5. That this Court direct each and every claimant to answer the allegations contained in this Complaint;

6. That this Court, after due hearing, determine that Trader's Hill Boat Holdings, LLC and/or the M/V TRADER'S HILL are not liable for any damage on any basis whatsoever in connection with this incident; and

7. That, in the alternative, should this Court determine that Trader's Hill Boat Holdings, LLC and/or the M/V TRADER'S HILL are liable to any person, firm, corporation or entity to any extent or any basis, which is denied, the Court then determine that Trader's Hill Boat Holdings, LLC is entitled to limit its liability to the value of its interests of the M/V TRADER'S HILL and that a judgment be entered discharging Trader's Hill Boat Holdings, LLC

and the M/V TRADER'S HILL from any further liability arising from or growing out of or in connection with the incident; and, for such other relief as the nature of the case may permit.

>Respectfully submitted,
>
>*/s/ Leo R. McAloon, III*
>LEO R. McALOON, III (No. 19044)
>NICHOLAS S. BERGERON (No. 37585)
>GIEGER, LABORDE & LAPEROUSE, LLC
>701 Poydras Street, Suite 4800
>New Orleans, Louisiana 70139
>Telephone: (504) 561-0400
>Facsimile: (504) 561-1011
>Email:   lmcaloon@glllaw.com
>          nbergeron@glllaw.com
>ATTORNEYS FOR LIMITATION PLAINTIFF, TRADER'S HILL BOAT HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via facsimile, electronic means, and/or U.S. Mail, postage prepaid and properly addressed, this 8th day of January, 2020.

>*/s/ Leo R. McAloon, III*
>LEO R. McALOON, III